UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:08-cr-267-Orl-31GJK

GRAHAM BROTHERS
CONSTRUCTION CO., INC

# PLEA AGREEMENT

## A. Introduction

A Superseding Information has been filed in the Middle District of Florida charging the Defendant GRAHAM BROTHERS CONSTRUCTION CO., INC., with one Class A misdemeanor violation of the Bald and Golden Eagle Protection Act, Title 16, United States Code, Sections 2 and 668(a). Defendant and the United States have reached an agreement to resolve this case via a plea of guilty by Defendant to Count One of the Superseding Information, a stipulated sentence and a promise by the United States to decline further prosecution of Defendant for crimes related to certain activity.

## B. Particularized Terms

The parties to this Agreement are the United States Attorney's Office for the Middle District of Florida, the Environmental Crimes Section of the U.S. Department of Justice (hereinafter collectively "the government" or "the United States") and Defendant, GRAHAM BROTHERS CONSTRUCTION CO., INC., represented by counsel Chandler R. Muller. This agreement is entered into pursuant to the Fed. R. Crim. P. 11(c)(1)(B), and the United States and the Defendant agree to jointly recommend to the Court that Defendants be

sentenced in the manner set forth below. The parties understand that such a joint recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the Defendant will be allowed to withdraw from the plea agreement, and Defendant will not be allowed to withdraw from the plea of guilty.

The parties mutually agree as follows:

1. Count Pleading To

Defendant shall enter a plea of guilty to Count One of the Superseding Information. Count One charges the Defendant with aiding and abetting the knowing taking, or taking with wanton disregard for the consequences of the act, without being permitted to do so, a bald eagle nest, in violation of 16 U.S.C. § 668(a) and 18 U.S.C. § 2.

2. Maximum Penalties

For an organizational defendant, Count One carries a maximum sentence of five years probation (18 U.S.C. §3561(c)(2)); a fine of $200,000 or twice the gross gain accruing from the crime (18 U.S.C. §§ 3571(c)(5), (d)) with interest accruing on the balance of any unpaid fine beginning 15 days after the judgment date (18 U.S.C. § 3612(f)), and a special assessment of $125 (18 U.S.C. 3013(a)(1)(B)(iii)), which is due on the date of sentencing.

3. Elements of the Offense

Defendant acknowledges understanding the nature and elements of the offense with which Defendant has been charged and to which Defendant is pleading guilty. The elements of Count One are:

First: On or about the date alleged in the Superseding Information, Defendant, by or through the actions of its agents, aided and

abetted the "taking" of a bald eagle nest without being permitted to do so;

Second: In doing so, Defendant, by or through the actions of its agents, acted knowingly, or with wanton disregard for the consequences of their actions.

4. No Further Charges

If the Court accepts this plea agreement, the government agrees not to charge Defendant with committing any other federal criminal offenses known to the government at the at the time of the execution of this agreement related to the conduct giving rise to this plea agreement.

5. Discretionary Restitution

Restitution is not mandatory for Title 16 offenses. However, pursuant to 18 U.S.C. § 3553, the parties may agree that Defendants shall make restitution. In this case, the parties have agreed that Defendant need not make restitution.

6. Corporate Defendant

The undersigned corporate officers or representatives of Defendant hereby certify that they are authorized by Defendant corporation to act on their behalf, to plead guilty to the charge alleged in the Superseding Information, and to enter into this plea agreement, and that corporate resolutions so empowering said officers or representatives has been duly made and approved by said corporation. Said Defendant corporation either has implemented or will, by the time of probation, implement an effective program to prevent and detect future violations similar to the one at issue in this case, as described in paragraph D3b2, below.

The parties agree that this Agreement, together with all of the obligations and terms hereof, shall attach to the benefit of, and shall bind, assignees, subsidiaries, successors-in-interest, or transferees of Defendant.

**C. Standard Terms and Conditions**

1. Special Assessment

On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.

2. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the Defendant, to provide relevant factual information, including the totality of the Defendant criminal activities, if any, not limited to the count to which Defendant plead, to respond to comments made by the Defendant or Defendant counsel, and to correct any misstatements or inaccuracies.

The parties agree that this Agreement does not limit their right to provide the Court or the United States Probation Office with a full description of the Defendant conduct, correct inaccuracies at any time, or speak at the time of sentencing consistent with the recommended provisions set forth in this Agreement. The parties agree to allocute and argue at sentencing in favor of the joint recommendation regarding the appropriate sentence set forth in this Agreement.

3. Application of the Sentencing Guidelines

The parties agree that this matter arises out of acts committed by an organizational defendant after November 1, 1991; therefore, the Sentencing Guidelines

relating to the Sentencing of Organizations (Chapter 8) are applicable to the offenses described herein, except for the imposition of a fine (U.S.S.G. §§ 8C2.1 & 8C2.10). The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. U.S.S.G. § 6B1.4(d). The Court is free, pursuant to §§ 6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information.

D. **Joint Stipulated Sentencing Recommendations**

Understanding the above, the parties agree to recommend to the Court the following Guidelines analysis and stipulations:

1. The November 1, 2007, Guidelines should be used.
2. Sentencing of Count One of the Superseding Information is controlled by Chapter Eight of the Guidelines. Id. The monetary fine guidelines contained in §§ 8C2.2 through 8C2.9 do not apply to Count One because the offense level for that count would be determined under U.S.S.G. § 2Q2.1, which is not contained in the list of guideline sections contained in § 8C2.1. The fine amount to be imposed for Count One, therefore, should be in accordance with the general principles set forth in 18 U.S.C. §§ 3553, ~~3572.~~ U.S.S.G. § 8C2.10.
3. Pursuant to Fed. R. Crim. P. 11(c)(1) ~~(C)~~ B, the parties agree and recommend that the following sentence is appropriate and should be imposed in this case:
   a. Defendant shall be jointly and severally liable for, and pay a total criminal fine of $75,000.00, payable at sentencing.

b. Pursuant to U.S.S.G. § 8D1.1, Defendant shall be placed on organizational probation for a period of one year.

c. Defendant shall be required to comply with the terms of a remedial order, pursuant U.S.S.G. § 8B1.2, containing the following terms:

i. Within 30 days of sentencing, Defendant shall hire a qualified individual or organization to develop a Focused Environmental Compliance Plan ("FECP") aimed at developing policies and procedures which will prevent the recurrence of similar criminal activity by officers, agents or employees of Defendant.

ii. Within 120 days of sentencing, Defendant shall present a written FECP to the U.S. Fish and Wildlife Service ("FWS") for its review and approval.

iii. Within 30 days following FWS approval, which shall not be unreasonably withheld, Defendant shall implement the FECP through training and the adoption of the FECP's recommended policies and procedures.

iv. Within 60 days following FWS approval, Defendant shall have completed training their officers, agents and employees pursuant to the FECP.

v. Within 10 days following the completion of each step described herein, Defendant shall report such completion, in writing, to the Probation Office.

d. The parties acknowledge and agree that upon a finding of a violation of a condition of probation, the Court may extend the term of probation, impose more restrictive conditions of probation, or revoke probation and resentence the organization.

e. The Government and Defendant agree to waive the requirement of a pre-sentence report. Based upon the totality of circumstances, the parties further agree that no financial disclosure is necessary.

**E. Other Provisions**

1. Appeal of Sentence-Waiver

Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waive the right to appeal Defendant sentence or to challenge it collaterally on any ground, except: (a) the ground that the sentence exceeds the statutory maximum penalty; or (b) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then Defendant is released from its waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

2. Limited Scope Of Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Environmental Crimes Section of the U.S. Department of Justice and cannot bind other federal, state, or local prosecuting authorities, although the government will bring Defendant cooperation, if any, to the attention of other prosecuting officers or others, if requested.

3. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of Defendant entry of pleas of guilty pursuant hereto.

4. Voluntariness

Defendant acknowledges that Defendant is entering into this agreement and are pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and Defendant and Defendant attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges Defendant understanding of the nature of the offense or offenses to which Defendant is pleading guilty and the elements thereof, including the penalties provided by law, and Defendant complete satisfaction with the representation and advice received from Defendant undersigned counsel (if any). Defendant also understands that the Defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the Defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against Defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in Defendant defense; but, by pleading guilty, Defendant waives or gives up those rights and there will be no trial. Defendant further understands that if Defendant pleads guilty, the Court may ask Defendant questions about the offense or offenses to which Defendant pleaded, and if Defendant answers those questions under oath, on the record, and in the presence of counsel (if any), Defendant answers may later be used against Defendant in a prosecution for perjury or false statement. Defendant also

understands that Defendant will be adjudicated guilty of the offenses to which Defendant has pleaded.

5. Factual Basis

Defendant is pleading guilty because Defendant is in fact guilty. The Defendant certifies that Defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

In 2003, Defendant corporations, GRAHAM BROTHERS CONSTRUCTION CO., INC. were involved in performing contracting services for a residential real estate development company on a property known as the "Lake Jessup Woods" development, located in Seminole County, Florida. The property was owned by the residential real estate development company. A bald eagles' nest was observed on the site as early as November 2003 by a subcontractor. In late December 2004 and/or early January 2005, as work on the project progressed closer to the location of the bald eagles' nest, the nest, as well as at least two bald eagles, were observed by other members of the construction crew, including employees of the defendant corporation. At least one employee talked to an on-site supervisor about the nest and was told to stay clear of it.

On or about January 5, 2005, Defendant corporations, through their agents, informed the development company that employees at the site had observed the nest. Although Defendant corporations refused to use their employees to remove the tree and the bald eagles' nest ahead of the normal clearing schedule, later, an arrangement was reached between the development company and Defendant corporations' on-site supervisor allowing employees of the development company to use Defendant

corporations' heavy equipment to destroy the tree containing the nest. The tree and nest were destroyed on or about January 21, 2005.

6. Entire Agreement

This plea agreement constitutes the entire agreement between the government and Defendants with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to Defendants or Defendants' attorney with regard to such guilty plea.

7. Certification

Defendants and Defendants' counsel certify that this plea agreement has been read in its entirety by (or has been read to) the Defendants and that Defendants fully understands its terms.

DATED this 3rd day of March, 2009.

A. BRIAN ALBRITTON
United States Attorney

Date:________________ By: ________________
Bruce Ambrose
Assistant United States Attorney

Date:________________ By: ________________
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Div.
U.S. Department of Justice

Date: ________________ By: ________________
Lana N. Pettus
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

DEFENDANT

Date: 2/27/09

By: Claude Graham
Title: CEO
GRAHAM BROTHERS
CONSTRUCTION CO., INC.

As counsel for Defendant, I have discussed with my corporate client and its duly authorized representative the terms of this Agreement, have fully explained the charges to which it are pleading guilty and the necessary elements, all possible defenses, and the consequences of its guilty plea. Based on these discussions, I have no reason to doubt that Defendant is knowingly and voluntarily entering into this Agreement and entering pleas of guilty. I know of no reason to question the competency of my corporate client or their duly authorized representatives to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question Defendant competency to enter into this Agreement or to enter pleas of guilty, I will immediately inform the Court .

Date: 3/3/09

Chandler R. Muller, Esq.
Counsel for the Defendants